Filed 12/12/23  P. v. Chacon CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G062142 |
| v. | (Super. Ct. No. 13NF1721) |
| RUBEN CHACON, SR., | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Scott Steiner, Judge.  Affirmed.

So'Hum Law Center of Richard Jay Moller and Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Ruben Chacon, Sr., challenges the summary denial of his petition for resentencing under Penal Code section 1172.6.[1]  His court-appointed counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216, 221–222.  This court notified Chacon that he had 30 days to file any supplemental brief deemed necessary, or the matter may be dismissed as abandoned.  (*Ibid.*)  None was filed.  In the interests of justice, we have examined the record on appeal and find no arguable error that could result in a disposition more favorable to Chacon.  (*Id.* at p. 232.)  We thus affirm the postjudgment order.

**FACTS**

In 2017, an information charged Chacon and Jonathan Galvan with two counts of murder (§ 187, subd. (a)) and various enhancements.

In March 2022, the People amended the information by interlineation, adding two counts of voluntary manslaughter with gun enhancements (§§ 192, subd. (a); 12022.5, subd. (a)) and dismissing both murder counts and their enhancements.  That same day, Chacon pleaded guilty to the two counts of voluntary manslaughter with gun enhancements.  The *Tahl*[2] form he signed under penalty of perjury stated the factual basis for his plea: "In Orange County California, on Jan. 26, 2012, I willfully and unlawfully shot and killed Nick Barresch, a human being.  I also aided and abetted the killing of Phillip Renig, a human being.  I committed both offenses with the intent to kill, but without malice aforethought.  I personally used a firearm in the commission of both offenses."  The trial court imposed a total prison sentence of 30 years and 4 months.

---

[1] Effective June 30, 2022, the Legislature renumbered Penal Code section 1170.95 to section 1172.6 without substantive change.  (Stats. 2022, ch. 58, § 10.)  For clarity, we refer to the statute as section 1172.6 throughout the opinion.  All further statutory references are to the Penal Code.

[2] See *In re Tahl* (1969) 1 Cal.3d 122, overruled on other grounds by *Mills v. Municipal Court* (1973) 10 Cal.3d 288, 291.

In September 2022, Chacon filed a petition for resentencing under section 1172.6 and counsel was appointed for him. The trial court summarily denied the petition, finding Chacon statutorily ineligible for relief. The court reasoned that the statute "applies to those convicted *prior* to January 1, 2022. Inasmuch as [Chacon] pleaded guilty subsequent to that date, its provisions do not apply to him."

## DISCUSSION

Where a court summarily denies a petition under section 1172.6, our review is de novo. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.)

The initial version of section 1172.6 was enacted by Senate Bill No. 1437 (2017–2018 Reg. Sess.) and took effect on January 1, 2019. (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).) The purpose of the bill was "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Thus, the initial version of the statute permitted "a person with an existing conviction for felony murder or murder under the natural and probable consequences doctrine to petition the sentencing court to have the murder conviction vacated and to be resentenced on any remaining counts if he or she could not have been convicted of murder as a result of the other legislative changes implemented by Senate Bill No. 1437." (*People v. Flores* (2020) 44 Cal.App.5th 985, 992.) Effective January 1, 2022, the statute was amended to extend the same relief to "'persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural [and] probable consequences doctrine.'" (*People v. Birdsall* (2022) 77 Cal.App.5th 859, 865, fn. 18.)

To be eligible for resentencing relief under section 1172.6, a petitioner convicted of manslaughter must allege three conditions, the first of which is that the charging document "allowed the prosecution to proceed under a theory of felony murder,

3

murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime." (§ 1172.6, subd. (a)(1); *People v. Estrada* (2022) 77 Cal.App.5th 941, 945.) At the prima facie stage, """"the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved."""" (*Lewis*, *supra*, 11 Cal.5th at p. 971.) But if the facts in the record of conviction refute the allegations in the petition, """the court is justified in making a credibility determination adverse to the petitioner."""" (*Ibid.*)

Here, Chacon cannot meet the first condition of eligibility. (§ 1172.6, subd. (a)(1).) When Chacon pleaded guilty to voluntary manslaughter in 2022, those theories of murder liability had been eliminated and the prosecution could not have proceeded under any of those invalid theories. Accordingly, Chacon was not eligible for resentencing under section 1172.6 as a matter of law, and the court correctly denied his petition at the prima facie stage.

After independently reviewing the entire appellate record, we find no arguable issue.

## DISPOSITION

The postjudgment order is affirmed.


DELANEY, J.

WE CONCUR:


O'LEARY, P. J.


GOETHALS, J.

4